IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JILLIAN MCNAMARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GLEN ELLYN SCHOOL DIST. NO. 41, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Jillian McNamara ("Plaintiff" or "McNamara"), by her undersigned counsel, complains against Defendant Glen Ellyn School District No. 41, as follows:

**INTRODUCTION**

1. This is an action against Defendant under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2601 *et seq.*, arising out of the Plaintiff's employment with Defendant.

**PARTIES**

2. Plaintiff is an individual who resides in this judicial district. Plaintiff is a citizen of the United States of America, and is entitled to all the

rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States.

3. Defendant is a municipal corporation organized under the laws of Illinois and has its operations within this judicial district. At all times relevant hereto, Defendant employed in excess of 500 employees and therefore is an "employer" under both the ADA and the FMLA.

## JURISDICTION AND VENUE

4. This action arises under, and jurisdiction is founded on, 28 U.S.C. §§ 1331 and 1343(4).

5. Venue is proper pursuant to 42 U.S.C. § 2000e–5(f)(3), as this is the judicial district where the alleged unlawful employment practices were committed.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission claiming that she had been discriminated against based on her disability, on or about June 9, 2021.

7. The U.S. Equal Employment Opportunity Commission ("EEOC") sent a Notice of Right to Sue to Plaintiff on or about October 5, 2021. Plaintiff filed this action within 90 days of her receipt of that Notice. (A copy of the Right to Sue Notice is attached hereto and incorporated herein by reference as Exhibit A.)

8. Plaintiff has exhausted her federal administrative remedies and has standing to file this action against Defendant.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff began her employment with Defendant in August 2019. She was employed by Defendant as a full-time School Psychologist.

10. At all times relevant hereto, Plaintiff suffered from chronic migraine headaches, a disability under the ADA, and Defendant was aware of her condition. Despite her disability, Plaintiff was able to perform her work satisfactorily. At the same time, Plaintiff's daughter suffered from serious mental health conditions, including anxiety and clinical depression, which Defendant was also aware of.

11. In or around late September/early October 2020, after working from home due to the COVID pandemic, Plaintiff was advised that she was expected to return to work full time. Plaintiff requested to continue to work from home as an accommodation, which Defendant denied on or about that date. Similarly situated, non-disabled employees were permitted to continue to work from home.

12. As a result of the COVID pandemic, Plaintiff's daughter's depression and suicidal ideations increased. On or about October 22, 2020, Plaintiff's daughter was hospitalized for her mental health condition.

13. On October 24, 2020, Plaintiff was notified that she had been exposed to COVID-19 at work and was thus required to quarantine for a two-week period.

14. In response to her daughter's condition, Plaintiff applied for leave under the Families First Coronavirus Response Act. In response Defendant allowed Plaintiff to work from home as an accommodation instead of providing her with paid leave.

15. Plaintiff continued to work from home through December 2020. Plaintiff was able to perform all of her essential job functions from her home, and concerns were never raised about Plaintiff's ability to perform her work remotely.

16. Because of Plaintiff's daughter's increased symptoms resulting from the COVID pandemic, she was unable to be at school full time and had to spend the rest of her time at home. Accordingly, on or about December 21, 2020, Plaintiff requested reduced schedule accommodation/FMLA leave to care for her daughter.

17. Defendant initially granted Plaintiff's request. However, Defendant interfered with the reduced schedule accommodation/FMLA leave it initially granted Plaintiff by overloading Plaintiff with additional work assignments to such an extent that Plaintiff could only keep up with her work by working substantial additional hours, thus interfering with her reduced schedule leave.

18. In response to Defendant's interference with Plaintiff's protected reduced schedule accommodation/FMLA leave, Plaintiff complained to Defendant on numerous occasions, contending that its interference with her

leave prevented her from adequately caring for her daughter and did not allow her to adequately perform her job responsibilities.

19. In response Defendant did not adjust her workload, but instead, continued to overburden her, making it clear that she would be expected to perform the same amount of work regardless of her medical condition.

20. As a result of Defendant's refusal to accommodate Plaintiff's work at home request, the intentional overloading of work on Plaintiff, and the hostility directed at Plaintiff after her complaints about unfair treatment, Plaintiff considered herself constructively discharged and resigned her position on March 2, 2021.

## COUNT I
## DISABILITY DISCRIMINATION

21. Plaintiff realleges paragraphs 1-20 as paragraph 21.

22. At all times relevant hereto, Plaintiff was a qualified individual with a disability because her migraine caused her to be substantially limited in the major life activities of, among others, thinking and concentrating, and also caused her chronic pain. In the alternative, Plaintiff was a qualified individual with a disability because Defendant regarded her as being disabled and because she had a record of a disability.

23. Additionally, as Plaintiff's daughter suffered from clinical depression and anxiety, which are disabilities under the ADA, Plaintiff had an association with an individual with a disability.

24. At all times relevant hereto, Plaintiff was an employee of Defendant as that term is defined under 42 U.S.C. § 12111(4).

25. Defendant is an employer and a covered entity under the ADA, 42 U.S.C. § 12111(a)(5)(a).

26. Defendant discriminated against Plaintiff under the ADA by denying her request for a work at home accommodation but granting it to similarly situated, non-disabled employees, by overloading her with work because of her disability, and because she was associated with an individual with a disability, and by retaliating against her for asserting her rights under the ADA and for her protected complaints about discrimination, thereby causing Plaintiff to be constructively discharged.

27. As a direct and proximate result of the discriminatory practices alleged herein, Plaintiff has suffered lost compensation and other monetary benefits, severe emotional and psychological distress, and other forms of damage to be proven at trial.

## COUNT II
## FMLA VIOLATION

28. Plaintiff realleges paragraphs 1-20 as paragraph 28.

29. Plaintiff was an eligible employee under the FMLA as she had worked more than 12 months for Defendant and more than 1,250 hours in the prior 12-month period at the time of her request for FMLA leave.

30. Defendant is a covered employer under the FMLA as it employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

31. The FMLA prohibits covered employers from interfering with eligible employees' rights to take FMLA leave or from discriminating against employees for exercising their rights under the FMLA.

32. Defendant interfered with Plaintiff's rights to leave under the FMLA, and discriminated against Plaintiff for asserting those rights, by increasing Plaintiff's workload in response to her request for reduced schedule leave and for refusing to take any steps to lessen Plaintiff's workload, in retaliation for her assertion of rights under the FMLA and her complaints about FMLA interference, thereby causing her to be constructively discharged.

33. As a direct and proximate result of the discriminatory practices alleged herein, Plaintiff suffered lost income and other monetary benefits, and other losses to be proven at trial.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) Trial by jury on the charges raised in her Complaint, and those investigated with the EEOC and advancement on the Court's docket for a speedy hearing;

(b) That a declaratory judgment be issued that Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and in violation of the acts cited;

(c) Ther the Court permanently enjoin Defendant, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and

    from continuing any and all other practices shown to be in violation of applicable law;

(d)  That Plaintiff have and recover from the Defendant back wages and lost benefits with interest, front pay, pre and post judgment interest, liquidated damages under the FMLA, compensatory and punitive damages, and for any other damages to which Plaintiff may be entitled under federal law;

(e)  That Plaintiff be awarded her costs and disbursements of this action, including reasonable attorney's fees, pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 U.S.C. § 1988 and any other attorney fee statutes; and

(f)  Grant such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

    Respectfully Submitted,

    JILLIAN MCNAMARA


    By /s/Josh Friedman
    Her attorney


JOSH M. FRIEDMAN
Law Offices of Josh M. Friedman
1759 N. Hoyne Ave.
Chicago, IL 60647
(312) 886-0277
A.R.D.C. No. 6220313
josh@friedmanfirm.com

8